IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                                  PLAINTIFF

V.                              No. 2:09-CR-20036-002

RONNIE D. BAUDERS                                                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Defendant's Motion to Suppress (Doc. 19) filed September 11, 2009. The United States of America filed a Response (Doc. 23) on September 15, 2009. A hearing on the Motion to Suppress was held on September 17, 2009.

#### I. Background

The Defendant along with Ronald G. Charles was charged by indictment filed June 11, 2009 with knowingly selling, buying, transporting, or delivering in interstate commerce, a knife, gaff, or any other sharp instrument attached, or designed or intended to be attached, to the leg of a bird for use in an animal fighting venture, in violation of Title 7 U.S. C. s. 2156(e) and Title 18 U.S.C. s. 2. (Doc. 1)

Approximately 125 law enforcement officers executed a search warrant on a suspected illegal cock fighting operation on May 19, 2007. The Defendant made certain statements to members of the search warrant team at the time the search warrants were executed. The Defendant has now filed a Motion to Suppress (Doc. 19) contending that "the advice of rights form, Exhibit 6, is not signed by the Agriculture Special Agent nor does it purport to confirm that Mr. Bauders was advised of his Miranda rights much less that he waived those very important

-1-

rights." (Doc. 19, p. 4).  The Defendant further contended that  he was "not advised of his Miranda rights" and that he did not make a knowing, intelligent or voluntary waiver of those rights. (Id. p. 5).

A hearing was conducted by the court on the Motion to Suppress on September 16, 2009 and Special Agent Damon Musick and Special Agent Kathy Brown-Nichols, both with the United States Department of Agriculture and who were involved with the execution of the search warrants, testified.

SA Musick testified that he could not remember if he approached the defendant or if the defendant approached him.  Agent Musick asked the defendant to identify himself and to produce a driver's license, which he did.  The agent then asked the defendant if he would speak to the agent and when he indicated that he would he handed him the Advice and Waiver of Rights form (Plaintiff's Exhibit 1; Doc. 19, exhibit 6)  When he handed the defendant the form the defendant informed him that he could not read or write.  SA Musick stated that he then read the form verbatim to the defendant and noted on the form that the defendant could not read or write but did not ask the defendant to make any mark on the form.  SA Musick testified that the defendant understood the form, and agreed to speak with him.  SA Musick testified that the defendant was irritated but cooperative and that he was alert and sober.  All of the defendant's responses to the agents request were rational. SA Musick testified that he did not threaten the defendant in any way, but that he was armed and his weapon was on his belt.  The weapon was never drawn.  SA Musick asked the defendant a series of preprinted questions which the defendant answered and the officer noted his answers on the form. (See Joint Exhibit 2; Doc. 19, p. 8-10)  The entire interview lasted about 10 minutes and the defendant was allowed to leave after the interview.

SA Cathy Brown-Nichols testified that she was in charge of all of the USDA agents and that this was a multi agency operation that consisted of a total of over 125 agent. When they executed the warrants she estimated there were approximately 200 civilian participants in the rooster fighting event. There were multiple stations which were run by different agencies and hers was the final station and she was charged with taking statements and helping with the destruction of certain animals.

During the course of the day she was contacted by one of her agents that he was having some trouble with an individual who was claiming that they did not have the right to take the gaffs. As SA Nichols approached the Defendant she could see that he was upset and as she came up to the defendant he made a statement to her that "you can't take my/these gaffs". She did not think that there was anything significant to it at the time and she informed the defendant that they could and were going to take the gaffs. She stated that after she told him this he seemed to calm down and accept the situation.

The government seeks to introduce both the statement made to SA Musick and SA Nichols and the Defendant contends they were secured in violation of the constitution.

## II. Discussion

Before the Government can introduce a defendant's incriminating statement, it generally must prove that the accused voluntarily, knowingly, and intelligently waived his Miranda rights. *Moran v. Burbine*, 475 U.S. 412 (1986). "A waiver is voluntary if it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *United States v. Harper*, 466 F.3d 634, 643 (8th Cir.2006) (internal quotation omitted), cert. denied, 549 U.S. ----, 127 S.Ct. 1504, 167 L.Ed.2d 242 (2007). In order to determine whether a confession was voluntary, we

look to the "totality of the circumstances and must determine whether the individual's will was overborne." *United States v. Castro-Higuero*, 473 F.3d 880, 886 (8th Cir.2007) (internal quotation omitted). U.S. v. Gaddy  532 F.3d 783, 788 (C.A.8 (Iowa),2008)

The evidence is undisputed that the defendant was read his Miranda rights by SA Musick. The fact that the agent did not have the defendant, who could not read or write, make his mark on the form does not mean that he did not read them to him.  The officer was positive that he did read them to the defendant and that it was not his policy to have someone who could not read or write make his mark on the Advice of Rights form.

There is no evidence before the court that the defendant did not understand those rights and voluntarily waive those rights and answer the questions the officer asked him about the cock fighting event.  The officer testified that all of the defendant's responses were rational, he appeared alert and sober, and that while the defendant was slightly irritated he was cooperative. SA Musick stated that he never threatened the defendant in any way and that the entire interview took about 10 minutes and that the defendant was not arrested after the interview.  There is nothing in the totality of the circumstances that even remotely suggest that the defendant's will was overborne by SA Kusick.

The Motion to Suppress the Statement given to SA Kusick should be **DENIED.**

Statements of a spontaneous nature do not receive the protection of Miranda because they are not the result of interrogation. *U.S. v. Hawkins*, 102 F.3d 973 (8th Cir. 1996); *Butzin v. Wood*, 886 F. 2d 1016 (8th Cir. 1989). The protections of Miranda only apply to statements that are a product of interrogation. See *Rhode Island v. Innis*, 446 U.S. 291(1980). Here, the defendant spontaneously made the admission upon the arrival of Special Agent Brown-Nichols. He initiated

the interaction with the agent. There was no interrogation made by Special Agent Brown-Nichols and therefore no grounds to suppress the statement.

The Motion to Suppress the Statement made to SA Brown-Nichols should be **DENIED.**

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motion to Suppress be Denied.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED September 17, 2009.

                                            /s/ J. Marschewski
                                            HONORABLE JAMES R. MARSCHEWSKI
                                            UNITED STATES MAGISTRATE JUDGE