```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                   NO. 09CR20036-001 & 002

DONALD G. CHARLES and
RONNIE D. BAUDERS                                          DEFENDANTS

## ORDER

Currently before the Court are Defendants' Motions to Dismiss the Indictment (Docs. 18, 21) and the Government's Response (Doc. 29). Also before the Court are Defendant Ronnie Bauders' Motion to Sever (Doc. 22) and the Government's Response (Doc. 31).

On July 23, 2009, United States Magistrate Judge James R. Marschewski issued pretrial scheduling orders for both defendants (Docs. 9-10). Pursuant to Rule 12(c) of the Federal Rules of Criminal Procedure, the scheduling orders set a deadline of fifteen (15) days prior to the trial date for the filing of pretrial motions to include those listed in Rule 12(b) of the Federal Rules of Criminal Procedure. That list includes motions alleging a defect in instituting the prosecution or in the indictment, as well as motions to sever. Fed. R. Crim. P. 12(b)(3).

Rule 45 of the Federal Rules of Criminal Procedure governs the computation of time. In accordance with that rule, fifteen (15) days prior to the trial date of September 24, 2009 is September 9, 2009. Accordingly, only the motion to dismiss filed

by Ronnie Bauders is timely.[1] Fed. R. Crim. P. 12(e) states that any Rule 12(b)(3) defense, objection or request not raised by the Court's deadline is waived, but for good cause, the court may grant relief from the waiver. Defendants made no attempt to show good cause for their untimely motions. Accordingly, the issues raised in the Motion to Sever (Doc. 22) are waived, and this motion is DENIED. The Court will consider the motions to dismiss on the merits as the issues were timely raised by Bauders.

Defendants' Motions to Dismiss are virtually identical and ask the Court to dismiss the Indictment against them as the statute under which they are charged, 7 U.S.C. § 2156(e), is an unconstitutional expansion of Congress' authority to criminalize behavior that impacts interstate commerce.

Defendants contend that the statutorily prohibited items (knives, gaffs, or other sharp instruments) are not inherently dangerous or likely to interfere with interstate commerce. Defendants argue that the fact that these items may have been transported across state lines is incidental to the conduct of cockfighting the statute intends to prevent. Defendants assert that cockfighting is "primarily local" in nature, meaning the Arkansas/Oklahoma border, and the transport of these items do not directly or substantially impact interstate commerce.

In *U.S. v. Thompson*, 118 F.Supp.2d 723 (W.D. Tex. 1998), the

---

[1] The Court notes that Ronnie Bauders' Motion to Suppress was also not timely filed, however, this motion was referred to Judge Marschewski for recommendation or disposition, as appropriate.

district court found that even though the defendant refereed a fight with dogs that had not been transported in interstate commerce this did not immunize him from liability for participating in an "animal fighting venture" under the Animal Welfare Act.  The district court reasoned that:

> Although the dog fighting venture may be conducted in private, and any single fight may involve two dogs that have never crossed state lines, an animal fighting venture is interstate in nature if it involves participants in the gambling who have crossed state lines, or advertised across state lines, or any of the animals in the entire venture have been transported across state lines.

*Id*. at 725.  The court further explained:

> This holding is consistent with the intent of Congress when it enacted the AWA.  Congress believed at the time that it enacted this legislation that dog fighting had become an interstate enterprise.  The legislative history indicates that Congress was concerned about the proliferation of regional conventions related to dog fighting that attracted individuals from several states. Congress noted that there are nationally circulated magazines that advertise dog fights.
>
> In this case information concerning the time, date, and location of the animal fighting venture was transmitted using interstate wires and letter services.  People who want to attend and pay to watch the fights cross state lines.  Moreover, the breeding of the dogs can take place across state lines. Given the undisputed evidence that money is wagered on the fights, as well as negotiations concerning the purchase, sale and breeding of the animals, this is an inherently interstate commercial activity.

*Id.*

In *U.S. v. Lopez*, 514 U.S. 549 (1995), the Supreme Court addressed the question of how far should the arm of the federal government reach into criminal law enforcement.  In *Lopez*, the

Supreme Court set forth the areas that Congress may properly regulate under its Commerce Clause power: (1) the use of the channels of interstate commerce; (2) any instrumentality of interstate commerce, or persons or things in interstate commerce; and (3) activities that substantially affect interstate commerce.

The district court in *Thompson* found that all three tests were met as there was evidence that the people involved in animal fighting use the channels of interstate commerce by: (1) publishing and distributing periodicals that are shipped across state lines; (2) using telephones to inform each other of the time and dates and location of animal fighting activities; (3) transporting animals across state lines for breeding and fighting; (4) traveling across state lines to transport animals, referee matches, gamble on the matches or view the animals. *Thompson, supra*, at 726. The *Thompson* court also found that the activities substantially affected interstate commerce as people purchase and sell these animals as well as use them for sport and gamble on the fights. *Id.*

While *Thompson* was a dog fighting case, the Court can only assume that all of these activities are present in cockfighting activities, as well. Whether or not the knives, gaffs or other instruments themselves substantially affect interstate commerce is not the relevant question. The fact that these instruments are used in an animal fighting venture that substantially affects interstate commerce is sufficient to permit Congress to

-4-

criminalize the selling, buying, transporting or delivering of them pursuant to its power under the Commerce Clause. Accordingly, Defendants' Motions to Dismiss (Docs. 18, 21) are DENIED.

    IT IS SO ORDERED this 18th day of September 2009.

                              /s/ Robert T. Dawson
                              Honorable Robert T. Dawson
                              United States District Judge

AO72A
(Rev. 8/82)