IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                    NO. 09CR20036-001 & 002

DONALD G. CHARLES and
RONNIE D. BAUDERS                                           DEFENDANTS

## ORDER

Currently before the Court are Defendant Ronnie Bauders' Motion to Dismiss for Selective Prosecution (Doc. 30) and supplement thereto (Doc. 32), Motion in Limine (Doc. 35), Motion to Reconsider (Doc. 37), Motion to Allow the Late Filing of the Motion to Dismiss for Selective Prosecution (Doc. 38) and the Government's Responses (Docs. 36, 39-40).

Defendant Bauders moves the Court to reconsider its Order (Doc. 33) of September 18, 2009, denying his Motion for Severance as untimely. Bauders contends the Government did not comply with the Court's discovery deadline as it did not provide a copy of Co-Defendant Charles' statements until August 28, 2009 thereby contributing to Bauders' untimely motion. The Government contends its disclosure of Charles' statements did not violate the discovery deadline as the Government is not required to provide statements of co-defendants and did so as a courtesy to Bauders' counsel.

Rule 16 of the Federal Rules of Criminal Procedure does not

-1-

require the Government to provide a co-defendant's statements. Further, by Bauders' counsel's own admission he received the statements twelve (12) days prior to the deadline for filing motions and did not seek an extension of time to file a motion to sever. Counsel's heavy workload or the Government's failure to timely to respond to another motion in this case is not sufficient good cause for the Court to grant relief from the Rule 12(e) waiver. Accordingly, Bauders' Motion to Reconsider (Doc. 37) is DENIED.

Bauders' Motion to Allow the Late Filing of the Motion to Dismiss for Selective Prosecution (Doc. 38) and the Motion to Dismiss for Selective Prosecution are DENIED for the same reasons. The Motion to Dismiss for Selective Prosecution was not timely filed, and defense counsel did not seek an extension of time to file the motion. Further, Bauders has not shown good cause for failing to timely file the motion.

Defendant Bauders' Motion in Limine (Doc. 35) seeks to exclude testimony or evidence that he fought chickens; bought or sold chickens; or bought, sold, delivered or transported knives, gaffs or other sharp instruments on occasions other than the time period charged in the indictment. The motion is DENIED WITHOUT PREJUDICE to Bauders' right to renew his motion should these issues arise during trial. The parties are instructed that no testimony or evidence shall be elicited or presented on any of these issues without counsel first approaching the bench to obtain

AO72A
(Rev. 8/82)

a ruling from the Court.

    IT IS SO ORDERED this 21st day of September 2009.

                                       /s/ Robert T. Dawson
                                       Honorable Robert T. Dawson
                                       United States District Judge

**AO72A**
**(Rev. 8/82)**